UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAMES ERNEST FOUST #455956,

Plaintiff,

v.

BRIDGET FOUST, et al.,

Defendants.
_________________________________/

Case No. 1:26-cv-01527

Hon. Robert J. Jonker
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

*Pro se* Plaintiff state prisoner James Ernest Foust filed this lawsuit against Defendants challenging his state court conviction and sentence. ECF No. 1. Plaintiff alleges that Defendants "knowingly and willfully produced and endorsed federal and legal documents in such a way to manipulate and enhance my criminal record and sentencing variables." *Id.*, PageID.5. Plaintiff alleges that he pleaded guilty to second degree arson, but he received a disproportionate sentence. *Id.* He further alleges that Indiana Circuit Judge Jennifer L. Smith should be investigated for using a false name, because her real name is Bridget Burnett-Foust. *Id.*, PageID.6. Plaintiff alleges in part:

> ... of charges within my criminal history. I have probable cause to support that Judge Jennifer L. Smith was infact a women named Bridget Burnett-Foust disguised and with false credentials pretending to be Jennifer Smith so that she may manipulate and falsify my criminal record in an attemp to exclude or dismiss charges that may support involvment and give probable cause to the fact Bridget Foust needs investigated for the falsifying of our marrige/ and the dissolution that followed. She fraudulantly produced and endorced criminal action upon me within the Stat of Indiana using women as a means to lay claim to false domestics to have me detained so she may continue to falsify federal tax records and child support garnishments without my knowing. Carrie Briseno knowingly willingly ...

*Id.*

Plaintiff also asserts that he received ineffective assistance of appellate counsel. Plaintiff seeks an investigation, reimbursement of financial charges, and his criminal history expunged. *Id.*, PageID.8.

Plaintiff sues 15 Defendants. Defendants are Judges Foust, Smith, Feeney, Murray, Rick, and Rick J., Public Defenders Galager and Briseno, Prosecuting Attorney Arnold, Probation Supervisor Olson, Chief Clerk Zimmer, Jr., Manager Davidson, Certified Electronic Recorder Grimes, and Berrian County Clerk Tyler.

On October 20, 2025, Plaintiff was granted *in forma pauperis* status. ECF No. 8.

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III. Analysis

As an initial matter, Plaintiff fails to assert allegations against each of the named Defendants. But even if had, his claims would fail as a matter of law. The Michigan Department of Corrections Offender Tracking Information System shows that Plaintiff was convicted of Second Degree Arson and sentenced on July 8, 2024, to 9-20 years' imprisonment. https://mdocweb.state.mi.us/OTIS2/Profile.

Since Plaintiff is challenging his conviction or sentence, he must first exhaust all state court appeals and then file a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff challenges the fact or duration of incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

To the extent Plaintiff now seeks declaratory or monetary relief for alleged violations of his rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the

conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).

**IV. Recommendation**

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 24, 2026

/s/ Maarten Vermaat
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE